Case 4:16-cv-00421   Document 6   Filed in TXSD on 05/26/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY S CHAMPLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-421 |
| | § | |
| MANPOWER INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court is Defendant Manpower, Inc.'s ("Manpower's") Motion to Dismiss (Document No. 4). Plaintiff, Jeffrey S. Champlin, filed no response to the Motion to Dismiss. After considering these documents and the applicable law, the Court concludes that Defendant's Motion to Dismiss is GRANTED.

**Background**

The Plaintiff filed a complaint entitled "Age Discrimination Complaint" against Defendant on February 17, 2016. (Document No. 1). Plaintiff states that he received an email soliciting employment "for one of defendant's clients" on July 11, 2013. *Id*. at 2. The Plaintiff alleges the email stated, "Ideally this person has 1-2 years of experience," and, "We are not looking for anyone with overspecialization . . . or candidates with more than 10-12 years of experience." *Id.* The Complaint also states that, "The plaintiff was qualified for this position and was actively seeking work of this type through the defendant." *Id*.

The only other facts noted by the Plaintiff are the receipt of a "Notice of Right to Sue" letter issued by the Equal Employment Opportunity Commission ("EEOC") and a "Charge of Discrimination" filed with the EEOC, which are both attached to the Complaint. (Document No. 1 at 4–5). The Plaintiff requested the Defendant be ordered by the Court to grant relief through

injunctions, damages, costs and attorney's fees. *Id*. at 2.

On March 22, 2016, the Defendant filed a "Motion to Dismiss for Failure to State a Claim" (Document No. 4), in which it argued the Plaintiff failed to plead sufficient facts to support the elements of a claim under the ADEA. Specifically, the Defendant contends the Plaintiff failed to plead: (1) that Plaintiff applied for and was qualified for a position for which the employer was seeking applications; (2) that Plaintiff was rejected for that position; or (3) any facts tending to show the Defendant hired a candidate outside his protected class, hired someone younger than the plaintiff, or otherwise did not select the Plaintiff because of his age.

Additionally, the Defendant argues that any claim of disparate impact under the ADEA fails because the Plaintiff was not an employee of the Defendant. The Defendant states the Plaintiff failed to plead he was a job applicant, much less an employee. As a result, the Defendant requests that Plaintiff's Complaint be dismissed with prejudice.

**Standard of Review**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (*citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more

than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 544.

**Discussion**

Defendant argues that the Plaintiff failed to state a claim upon which relief can be granted under rule 12(b)(6). A complaint does not need detailed factual allegations; however the plaintiff is obligated to provide "grounds" of his entitlement to relief. *Id*. The Plaintiff's Complaint merely states he received an email which contained a job description. The Complaint does not state enough factual allegations to establish a plausible claim for relief; therefore the Defendant's Motion to Dismiss is granted.

To establish a *prima facie* case of age discrimination under the ADEA the plaintiff must plead and prove: (1) he belongs to a protected class; (2) he applied for and was qualified for a position that was seeking applicants; (3) he was rejected; and (4) following his rejection, another applicant not of the protected class was hired. *Haas v. Advo Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999). The Complaint fails to allege multiple facts essential to gaining relief under the ADEA. There is nothing in the complaint alleging that Plaintiff applied for this position with the defendant. The complaint also lacks any allegations that the Plaintiff was denied a job by the defendant, or that the position was ever filled. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

The primary statement relied upon by the Plaintiff is a charging form submitted to the

Equal Employment Opportunity Commission. In the form Plaintiff states that, "This ad is direct evidence of age discrimination." (Document No. 1 at 4). However, pointing to the ad alone does not sufficiently allege the elements of an ADEA claim, and Rule 12(b)(6) requires more than labels and conclusions. *Twombly*, 550 U.S. at 544. The Complaint fails to rise to the level of a formulaic recitation of the elements, which alone would not satisfy rule 12(b)(6). *Id.*

The Defendant requests the Complaint be dismissed with prejudice. However, when a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under rule 15(a) before dismissing the action. *Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The Defendant's Motion Dismiss for Failure to State a Claim is granted. The Plaintiff has thirty days from the date of the entry of this order to file an amended complaint.  **Conclusion**

The Court hereby

ORDERS that Defendant's Motion to Dismiss (Document No. 4) is GRANTED.  The Court further

ORDERS that Plaintiff may amend his complaint within thirty days of the entry of this order.  **Failure to file an amended complaint within the thirty day period will result in the dismissal of Plaintiff's case**.

SIGNED at Houston, Texas, this 26th day of May, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE