United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY S. CHAMPLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-421 |
| | § | |
| EXPERIS US, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court is Defendant Experis US, Inc.'s ("Experis") Second Motion to Dismiss (Document No. 16). Plaintiff, Jeffrey S. Champlin ("Champlin"), filed a response (Document No. 20), Experis filed a Reply (Document No. 22), and Plaintiff filed a Sur-Reply (Document No. 23). After considering these documents and the applicable law, the Court concludes that Defendant's Second Motion to Dismiss is partially granted.

*Background*

In his First Amended Complaint, Plaintiff alleges that, on July 11, 2013, he "received an email from Manpower and Experis, a company specializing in recruiting, hiring, training, promoting, and transferring potential employees for its clients, who are employers." (Document No. 15 at 2). Plaintiff is unsure why he received the email, but did previously interview with ComSys IT Partners, Inc., which was later acquired by Manpower, and thinks the email may have been automatically generated or sent by mistake. *Id*. "The email originated from joe.dionne@experis.com and was sent to procure an employee for a particular client.… The July 11, 2013 email outlined a job position for a Software Engineer in Trading Support within an undisclosed company's Operations/Support team. The job description included the following

language: '[w]e are not looking for anyone with overspecialization or HelpDesk/1st level support candidates or candidates with more than 10-12 years of experience. This is a pretty young, eager group, so culturally 1-5 years experience is the best fit.'" *Id*. Plaintiff claims that "Experis copied this language from an email from their client," and that in the same email "there were job postings with similar age discriminatory language." *Id*. at 3. According to Plaintiff, "Experis indicated to its client it would send those out as well to potential applicants." *Id*. Plaintiff states that he was "fifty-six years old at the time he received this email from Experis," and, "[a]s a result of the discriminatory wording of the email, Champlin was deterred from applying and did not apply for the Software Engineer in Trading Support position because such an application would have been futile and lead to certain rejection." *Id*. Therefore "Champlin was effectively rejected for the position." *Id*. Furthermore, "[i]ndividuals substantially younger than Champlin and/or outside the protected class were hired for the positions." *Id*.

Therefore Plaintiff has asserted two causes of action against Experis under the ADEA. First Plaintiff asserts a discrimination claim against Experis, stating that:

> Experis is an employment agency, who regularly procures employees for at least one covered employer. Champlin would show that Experis's conduct constitutes violations of the ADEA in that Experis discriminated against Champlin because of age by creating a discriminatory job posting indicating to Champlin and any reasonable person that it would have been futile for Champlin to apply. Experis in essence failed or refused to refer for employment, and otherwise discriminated against, Champlin because of his age. … Experis has engaged in a pattern and practice of age discrimination by excluding individuals over the age of forty (40) for employment opportunities through similar discriminatory emails and job notices.

*Id*. at 3-4. Plaintiff also asserts, in the alternative, a claim of disparate impact under the ADEA:

> Experis sent an email giving notice of a job on behalf of a client, who was a covered employer. By essentially indicating in the email that individuals with more than a certain number of years experience need not apply… the practice resulted in a disparate impact on older individuals generally and Champlin specifically. This employment practice is responsible for statistical disparities as against older applicants. There is a causal link between the employment practice and the disparity.

*Id*. at 4. Defendant has filed a Motion to Dismiss each of these claims, arguing that Plaintiff has failed to state a claim under Rule 12(b)(6) because "Plaintiff fails to plead facts to support the elements required for establishing a failure-to-hire claim under the ADEA" and "Plaintiff's disparate impact claim fails because only employees can bring disparate impact claims under the ADEA." (Document No. 16 at 2).

*Standard of Review*

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 544.

*Plaintiff's Disparate Treatment Claim*

The ADEA makes it unlawful for an employer "to fail or refuse to hire…any

individual...because of such individual's age." 29 U.S.C. § 623(a)(1). Protections under the ADEA also apply to employment agency[1] practices: "It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C. § 623(b).

In a suit for age discrimination based on circumstantial evidence, the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), applies, and the plaintiff must first establish a *prima facie* case of discrimination. *Williams v. J.B. Hunt Transp., Inc.*, 132 F. Supp. 3d 858, 867 (S.D. Tex. 2015), *aff'd*, 826 F.3d 806 (5th Cir. 2016) (citations omitted). However, the *McDonnell Douglas* framework is an "evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). "Thus, for purposes of surviving a Rule 12(b)(6) motion to dismiss, 'an employment discrimination plaintiff need not plead a *prima facie* case of discrimination.' Still, this court may consider the *McDonnell Douglas* framework, and no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'" *Puente v. Ridge*, 324 F. App'x 423, 427–28 (5th Cir. 2009) (citations omitted).

"To establish a *prima facie* age discrimination case for failure to hire, Plaintiff must prove: (1) that he was over 40 when he applied for the position, or he belonged to the protected class; (2) that he applied for and was qualified for the job; (3) that despite his qualifications, he was rejected; and (4) that the person that filled the position was not a member of the protected class." *Morris v. Fru-Con Const. Corp.*, No. CIV.A. C-05-565, 2006 WL 2794932, at *3 (S.D. Tex. Sept. 26, 2006) (citations omitted). These elements apply to Section (a) of Section 623, but these elements must be adjusted slightly to apply to a claim under Section (b), which applies to

---

[1] Neither party disputes that Experis is an employment agency for the purposes of this statute.

employment agencies.[2] First, the plaintiff must allege that he belonged to the protected class, which is undisputed here. Second, the plaintiff must allege that he asked or expected the employment agency to refer him for employment, and that he was qualified for the job. *Parker v. Employment & Training Agency (SBETA)*, No. CV 11-0653 CAS DTBX, 2013 WL 1898551, at *4 (C.D. Cal. May 6, 2013); *Smith v. Illinois Ass'n of Sch. Boards*, No. 3-10-CV-00242-DRH, 2010 WL 4293088, at *2 (S.D. Ill. Oct. 22, 2010). Third, the plaintiff must allege that the employment agency "failed or refused to refer" him for employment. *Parker*, 2013 WL 1898551, at *4. Fourth, the plaintiff must allege that persons who were referred or hired were not members of the protected class, which is also undisputed. *Id.*

Defendant argues that Plaintiff fails to state a claim, because he has not properly alleged the second and third elements: Plaintiff has not alleged that he asked Experis to refer him for the job and he has not alleged that Experis refused to refer him for the job. (Document No. 16 at 3). The Court agrees that Plaintiff has failed to state a claim, because he did not plead those two elements. *See Parker*, 2013 WL 1898551, at *4 (dismissing plaintiff's case for failure to allege that she asked the employment agency to refer her and it refused); *Smith*, 2010 WL 4293088, at *2 (plaintiff's allegations that employment agency refused to refer him were sufficient to state a claim). Although the *McDonnell Douglas* standard is an evidentiary one, Plaintiff is still required to plead all of the elements of his claim, which he has failed to do here.[3] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("Dismissal is proper if the complaint lacks an allegation

---

[2] Both parties note that Section 623(b) has rarely been discussed by the courts.

[3] Plaintiff states that the email may constitute direct evidence of discrimination, which would render the *McDonnell Douglas* burden-shifting framework irrelevant. (Document No. 20 at 5). "If the plaintiff produces direct evidence that discriminatory animus played a role in the decision at issue, the burden of persuasion shifts to the defendant, who must prove that it would have taken the same action regardless of discriminatory animus." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). However, even if the email is direct evidence, Plaintiff has failed to plead other necessary elements of his cause of action under Rule 12(b)(6). Direct evidence may change the burden of persuasion at summary judgment, but does not relieve Plaintiff of his duty to plead all elements of his cause of action.

regarding a required element necessary to obtain relief . . . .").

    In response, Plaintiff argues that he did not need to ask to be referred, because doing so would have been futile. (Document No. 20 at 11). "[T]he Fifth Circuit has held that a plaintiff's failure to apply for a position does not bar a failure-to-promote[4] claim if the plaintiff can show that such an application would have been a futile gesture." *Willard v. City of Lubbock*, No. CIV.A. 505CV156C, 2006 WL 567806, at *5 (N.D. Tex. Mar. 7, 2006) (citing *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 406 (5th Cir. 1999)). Making a claim based on futility "usually requires a showing that the applicant for the promotion was deterred by a known and consistently enforced policy of discrimination." *Shackelford*, 190 F.3d at 406 (citing *Teamsters v. United States*, 431 U.S. 324, 363-4 (1977)). *See also Willard*, 2006 WL 567806, at *5 (In order to survive summary judgment, "Plaintiff must present evidence upon which a reasonable juror could conclude that Willard's application for the March 2004 position would have been futile because of the City of Lubbock's policy of age discrimination."). However, courts have been careful to distinguish between the allegation of a "pattern or practice" of discrimination, and the "standard for proceeding with a deterred applicant theory [based on futility]." *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1098 (C.D. Cal. 2002). "For the futility doctrine, courts look to whether a plaintiff has alleged facts that, taken as true, support the inference that it would have been futile to apply—not simply whether the plaintiff can sufficiently allege a discriminatory practice." *Id*. at 1099.[5] Therefore, in this case, the Court must consider whether

---

[4] The Court will apply this reasoning regarding failure-to-promote claims to the Section 623(b) claim here.

[5] *Wynn* summarizes one case discussing this standard at the summary judgment stage. In a case discussing the Veterans' Reemployment Rights Act, "the plaintiffs asserted that they did not put their names on the Police Department's waiting list to enlist in the Armed Forces reserves because doing so would have been a futile gesture. The Fourth Circuit refused to extend the futile gesture doctrine to this situation, observing that, although the 'odds of being elevated from the waiting list were not good,' the plaintiffs had not established that putting their names on the waiting list would have been futile, especially as 'many of their colleagues saw fit to do so, and some ultimately gained access to the reserve waiting list.'" *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1099 (C.D. Cal. 2002) (citing *Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 534-5 (4th Cir. 2000)).

Plaintiff has sufficiently alleged facts that, if true, demonstrate that it would have been futile for him to ask Experis to refer him for the position. The Court does not believe that Plaintiff has done so.

Plaintiff attempts to argue that he has sufficiently alleged futility, because "Champlin's Amended Complaint contains evidence of a known and consistently enforced policy of discrimination in that no fewer than six (6) job postings with age-related discriminatory remarks would be going out for Software Engineer in Trading Support positions and that in the email to Experis from its client, there were other job postings with age discriminatory language, which Experis promised to send out." (Document No. 20 at 10). However, the six job postings that Plaintiff refers to were the six positions available for the software engineer position. Plaintiff does not offer any details on the "other job postings with age discriminatory language." The paragraph to which Plaintiff refers states:

> In the same email to Experis from its client, there were job postings with similar age discriminatory language. Experis indicated to its client it would send those out as well to potential applicants. The email to Experis from the client indicated it would be an ongoing search for the Software Engineer in Trading Support position and that the headcount for the position was six.

(Document No. 15 at 3). The Court is not sure that a single job posting, coupled with vague allegations of additional postings, would be enough to allege a pattern or practice of discriminatory action by the client. Even if these allegations do sufficiently allege that the *client* engaged in a pattern or practice of discriminatory actions, they do not suggest that *Experis* did so.[6] Furthermore, as explained above, allegations of a pattern or practice of discrimination are not necessarily sufficient to allege futility. Therefore allegations of a pattern or practice of

---

[6] Plaintiff later states generally that "Experis has engaged in a pattern and practice of age discrimination by excluding individuals over the age of forty (40) for employment opportunities through similar discriminatory emails and job notices." (Document No. 15 at 3-4). Yet Plaintiff does not back up this allegation; in the facts section of his Amended Complaint he specifically states that it was the client who used the discriminatory language. *Id.* at 3. Additionally, Plaintiff only refers to *one* email from Experis. *Id.*

discrimination by the client are not necessarily enough to allege that it would have been futile for Plaintiff to apply directly with the client,[7] let alone that Plaintiff would have been rebuffed had he asked *Experis* to refer him for the position. Therefore the Court does not believe that Plaintiff can state a claim against Experis, when he never actually asked Experis to refer him for the position at issue. This claim will be dismissed.

*Plaintiff's Disparate Impact Claim*

Next Defendant argues that Plaintiff cannot maintain a disparate impact claim against it, because Plaintiff is not an employee of Experis. (Document No. 16 at 5). Defendant states that a disparate impact claim under the ADEA can only be maintained by an employee, and not by an applicant for employment. *Id*. (citing *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 188 (5th Cir. 2003); *EEOC v. Francis W. Parker School*, 41 F.3d 1073, 1077-78 (7th Cir. 1994)). However, Plaintiff argues that Defendant's motion and these cases refer to Section 623(a)(2) of the ADEA, not Section 623(b), which is relevant here. (Document No. 20 at 13). Section 623(a)(2) prohibits actions taken by an employer against an employee. Specifically, Section 623(a)(2) states that an employer may not "limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." However, Section 623(b) addresses employment agencies and applies to individuals. 29 U.S.C. § 623(b) ("It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment

---

[7] The Court is not convinced that the email suggests it would have been futile for Plaintiff to apply to the client directly. The email says that the client is "not looking for…candidates with more than 10-12 years of experience" and refers to the group as "young" and "eager," stating that "1-5 years experience is the best fit." *Id*. at 2. While this language may be described as discriminatory, it is a far cry from the sign reading "whites only" envisioned as a possible example where an application would be futile in *Teamsters*. *Teamsters v. United States*, 431 U.S. 324, 365(1977). The *Teamsters* court also noted that a claim that a plaintiff "would have applied for the job had it not been for those [discriminatory] practices" is "not always easy." *Id*. at 368.

any individual on the basis of such individual's age.").

Therefore the Court agrees generally with Plaintiff's arguments that the cases cited by Defendant are not on point, because they address Section 623(a)(2). Even if Section 623(a)(2) does not allow disparate impact claims by non-employees, that does not necessarily mean that Section 623(b) does not allow such claims. This is because Section 623(b) protects "individuals," and specifically intends to protect applicants for employment. Therefore it is conceivable that Section 623(b) does allow a disparate impact claim for the "individuals" it protects; however the Court is not aware of any case law addressing this issue. Without case law discussing this issue, or any further arguments by Defendant that the claim should be dismissed, the Court will not dismiss Plaintiff's disparate impact claim.

*Conclusion*

For the reasons described above, the Court will dismiss Plaintiff's disparate treatment claim, but will not dismiss Plaintiff's disparate impact claim. Therefore it is hereby

ORDERED that Defendant's Motion (Document No. 16) is PARTIALLY GRANTED. Plaintiff's disparate treatment claim is hereby DISMISSED.  Plaintiff's disparate impact claim remains.

SIGNED at Houston, Texas, this 16th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE