UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY S CHAMPLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02987 |
| | § | Consolidated into |
| | § | CIVIL ACTION NO. 4:16-CV-00421 |
| MANPOWER INC., | § | |
| EXPERIS US, INC., & | § | |
| QUANTLAB FINANCIAL, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court is Defendant Quantlab Financial, LLC's ("Quantlab") Motion to Dismiss. Doc. 2. Plaintiff, Jeffery S. Champlin ("Champlin"), filed a Response, Doc. 7, Quantlab filed a Reply, Doc. 9, and Plaintiff filed a Sur-Reply, Doc. 12. Also, Quantlab has filed a Notice of New Authority in Support of Its Motion to Dismiss, Doc. 16, to which Champlin has filed a response, Doc. 17. After considering these documents and the applicable law, the Court grants in part and denies in part Quantlab's Motion to Dismiss.

**I. Background**

On August 30, 2016, Champlin filed his Original Petition in state court alleging that Quantlab violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.* and Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. § 21.051, *et seq.* Docs. 1 at 1, 1-1 at 9–12 (Cause No. 2016-58450 in the 129th Judicial District Court of Harris County, Texas). On October 5, 2016, Quantlab removed the case to this Court on the basis of federal-question jurisdiction because Champlin raised federal

ADEA claims. *See* 28 U.S.C. § 1331; Doc. 1 at 2. Accordingly, the Court has supplemental jurisdiction over the TCHRA claims. *See* 28 U.S.C. § 1367.

In his Original Petition, Champlin alleges that on July 11, 2013, he received an email with "age discriminatory language" "from [Experis US, Inc. ("Experis"),] the employment agency[,] outlin[ing] a job position for a Software Engineer . . . with an undisclosed company's Operations/Support team." Doc. 1-1 at 8 ¶ 4.2, 4.7; Case No. 4:16-CV-00421, Doc. 15 at 2.[1] According to Champlin, the e-mail included the following discriminatory language: "[w]e are not looking for anyone with overspecialization or Helpdesk/1st level support candidates or candidates with more than 10-12 years of experience. This is a pretty young, eager group, so culturally 1-5 years experience is the best fit." Doc. 1-1 at 8 ¶ 4.3.

Champlin states that he was "fifty-six years old at the time he received the email" from Experis, and, "[a]s a result of the discriminatory wording of the email, Champlin was deterred from applying and did not apply for the Software Engineer in Trading Support position because such an application would have been futile." *Id*. at 9 ¶ 4.8. Thus, Champlin alleges that he "was effectively rejected for the position." *Id*. Also, "[i]ndividuals substantially younger than Champlin and/or outside the protected class were hired for the positions." *Id*. ¶ 4.9.

Accordingly, Champlin filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC") against Experis on July 17, 2013. Doc. 1-1 at 9 ¶ 4.5; Case No. 4:16-CV-00421, Doc. 1 at 4. On November 20, 2015, he received a right to sue letter from the EEOC. Case No. 4:16-CV-00421, Doc. 1 at 5. And in February of 2016, Champlin sued Experis. *Id.* at 1.

---

[1] Except where specified, document citations in this case refer to the docket under case no. 4:16-CV-02987. The case is consolidated under case no. 4:16-CV-00421. The motions were filed in 4:16-CV-02987 before the cases were consolidated.

Also in "Mid-February 2016, Champlin requested and received the EEOC file" concerning his claim against Experis, which identified "that Quantlab was the entity who . . . drafted the listing for the . . . position." Doc. 1-1 at 9 ¶ 4.6. Thus, on June 6, 2016, Champlin alleges that he "timely filed a charge of discrimination with the . . [EEOC] and by deferral with the Texas Workforce Commission—Civil Rights Division" ("TWC-CRD") against Quantlab. *Id.* at 13 ¶ 10.1. He also alleges that he received the right to sue letter from the EEOC on July 1, 2016. *Id.* at 13 ¶ 10.2. On August 30, 2016, Champlin filed suit against Quantlab under ADEA and TCHRA. Doc. 1-1.

In his suit against Quantlab, Champlin asserts four claims: discrimination and disparate-impact claims under ADEA and discrimination and disparate-impact claims under TCHRA. Doc. 1-1 at 9–12. Champlin asserts that Quantlab violated ADEA by discriminating "against Champlin because of his age by creating a discriminatory job posting indicating to Champlin and any reasonable person that it would have been futile for Champlin to apply." *Id*. at 9–10. Champlin also asserts a disparate impact claim against Quantlab under ADEA by alleging that "the practice resulted in a disparate impact on older individuals," and "there is a causal link between the employment practice and the disparity," which "is not justified by a lawful business necessity [or] by a reasonable factor other than age." *Id*. at 10–11. Champlin similarly asserts his discrimination and disparate impact claims under the TCHRA, which we do not recite herein. *Id.* at 11–12.

Quantlab's requests that the Court dismiss Champlin's claims for three reasons: (1) "Champlin's [TCHRA and ADEA] claims are barred by the applicable statutes of limitations and/or failure to exhaust administrative remedies"; (2) "Champlin's failure-to-hire claim fails because he never applied for the job, and therefore, cannot make out a *prima facie* case" under

"both the TCHRA and the ADEA"; and (3) "Champlin's disparate impact claim fails because the ADEA does not recognize such a claim for non-employee job applicants." Doc. 2.

Subsequent to the filing of Quantlab's Motion to Dismiss, this Court granted in part Experis's Second Motion to Dismiss, in which Experis asserted the second and third arguments above: namely that Champlin fails to state a claim under ADEA because he never applied for nor did Experis refuse to refer him for the job, and that ADEA does not recognize a claim for non-employee job applicants. Case No. 4:16-CV-00421, Doc. 16 at 2–3. The Court dismissed Champlin's discrimination claim, but not his disparate impact claim. Case No. 4:16-CV-00421, Doc. 26. The Court takes judicial notice of its opinion and order.

## II. Standard of Review

When a district court reviews a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "Dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544 (citations omitted).

## III. Legal Principles and Discussion

### A. Administrative Exhaustion and Statute of Limitations

Champlin and Quantilab dispute the start date from which to compute administrative exhaustion and the statute of limitations deadlines. Quantlab asserts that the Court should compute the deadlines from the date Champlin received the job posting on July 13, 2013. If so, Quantlab asserts that Champlin did not "exhaust his administrative remedies" because his EEOC and TCHRA charges were filed "over 1000 days late," and his TCHRA claim is barred by its "two year statute of limitations found at TEX. LAB. CODE ANN. § 21.256." Doc. 2 at 5–7. Champlin, asserts, however, that the Court should compute the deadlines from the date he discovered Quantlab's identity as the employer responsible for the job posting in February of 2016. If this is so, Champlin asserts all his filings were timely. In support, Champlin asserts that all limitations were tolled by the discovery rule or otherwise equitably tolled. Docs. 1-1 at 7 ¶ 10.4; 7 at 14–16. The Court first discusses the ADEA administrative exhaustion issue, and then discusses the TCHRA administrative exhaustion and statute of limitations issues.

#### i. Administrative Exhaustion under ADEA

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). Exhaustion occurs, in part, when the plaintiff files a timely charge with the EEOC. *Id.* "Because Texas is a 'deferral' state[] under the ADEA, the limitations period for filing an age discrimination charge

with the EEOC is 300 days, 29 U.S.C. § 626(d)." *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 384, 391 n.3 (5th Cir. 2002) (internal citation omitted).

The 300 day period begins running once the plaintiff knows or should been aware of the unlawful employment action. *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011). In other words, "when the plaintiff [is aware of] the 'critical facts that he has been hurt and who has inflicted the injury.'" *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)). "Finally, "awareness" for accrual purposes does not mean actual knowledge; rather, all that must be shown is the existence of 'circumstances [that] would lead a reasonable person to investigate further.'" *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (citation and internal quotation marks omitted).

Yet, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, []equitable tolling," or the discovery rule. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711 (5th Cir. 2011) (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008)); *see King-White*, 803 F.3d at 764 (applying the discovery rule to Title IX and § 1983 claims concerning sexual molestation of a minor).

There is no dispute that Champlin did not file a charge with the EEOC within 300 days from the date the allegedly unlawful e-mail was sent to Champlin and that his ADEA claims would be time-barred unless the discovery rule or equitable tolling operated to save them. *See Tyler*, 304 F.3d at 390–91.

The discovery rule "provides a 'very limited exception to [the] statute[] of limitations,'" which prevents the statute of limitations from running until the injury is discovered. *King-White*, 803 F.3d at 764. "The discovery rule is applied where the nature of the injury incurred is

inherently undiscoverable and the evidence of injury is objectively verifiable." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 948 (S.D. Tex. 2013).[2] "In other words, . . . the limitations clock should not []run until they discover[] or should have discovered their injuries." *King-White*, 803 F.3d at 764 (harmonizing the discovery rule under both federal and Texas law). "Although the injury need not be impossible to discover, a party's failure to discover the injury, by itself, is insufficient to satisfy the requirement; 'discovery of a particular injury is dependent not solely on the nature of the injury but on circumstances in which it occurred and plaintiff's diligence as well.'" *Ultraflo Corp.*, 926 F. Supp. 2d at 949 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996)); *see also Weinandt v. Kraft Pizza Co.*, 217 F. Supp. 2d 923, 928–30 (E.D. Wis. 2002) (applying the discovery rule where applicant had no reason to believe he was interviewed by employment agency rather than employer, in other words, he knew of his injury, but not the identity of the injurer); *but see A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 991 (S.D. Tex. 2014) (Lake, J.) (holding the discovery rule requires only discovery of the "the injury, not all of the elements of the cause of action"), *aff'd sub nom. King-White*, 803 F.3d at 754 (5th Cir. 2015).

---

[2]   A precise definition of terms is provided by the Honorable Lee Rosenthal:

   An injury is "inherently undiscoverable" if it "is unlikely to be discovered within the prescribed limitations period despite the exercise of due diligence." *Seureau v. ExxonMobil Corp.,* 274 S.W.3d 206, 227–28 (Tex. App.—Houston [14th Dist.] 2008, no pet. h.) (emphasis omitted) (citing *Wagner & Brown, Ltd.*, 58 S.W.3d 734–35); *see Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 456. An injury is "objectively verifiable" if its existence and the defendant's wrongful act cannot be disputed and the facts on which liability is asserted are demonstrated by direct physical evidence. *Hay v. Shell Oil Co.*, 986 S.W.2d 772, 777 (Tex. App.—Corpus Christi 1999, pet. denied).

   *Trigo v. TDCJ-CID Officials*, CIV.A. No. H-05-2012, 2010 WL 3359481, at *9 (S.D. Tex. Aug. 24, 2010) (Rosenthal, J.)

Equitable tolling is another very limited exception to the statute of limitations which tolls limitations during the "plaintiff's excusable ignorance" and is committed to the "sound discretion of the district judge." *Phillips*, 658 F.3d at 457–58. For equitable tolling to apply, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, —U.S. —, 136 S.Ct. 750, 755 (2016) (internal quotation marks omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Lugo-Resendez v. Lynch*, 831 F.3d 337, 343 n.41 (5th Cir. 2016) (describing the *Menominee* standard as the "general standard for equitable tolling"). This standard requires "reasonable diligence," not "maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal quotation marks omitted) (quoting *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)), and an extraordinary circumstance that derives from some "external obstacle to timely filing . . . beyond [the plaintiff's] control," not from self-inflicted delay. *Menominee*, 136 S.Ct. at 756 (quotations and alterations omitted); *see also Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2292 (2017) (collecting circuit cases applying materially the same test in discrimination cases).

The Fifth Circuit has described three possible bases for equitable tolling:

> (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

*Granger*, 636 F.3d at 712. They have also considered whether "the plaintiff took some step recognized as important by the statute before the end of the limitations period," such as filing "a defective pleading" with "due diligence." *Id.* (citing *Perez v. United States*, 167 F.3d 913, 917–18 (5th Cir. 1999) and holding that filing the EEOC charge with the wrong agency was sufficient

for equitable tolling given the government's exceptionally lengthy delay in responding). Waiting three months to file an EEOC charge after the plaintiff has sufficient information is not diligent. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 500–01 (6th Cir. 2001) (upholding district court's denial of equitable tolling as to ADEA claim where plaintiff waited twelve weeks before filing his late EEOC claim).

In summation, diligence is the cornerstone of both the discovery rule and equitable tolling doctrines and the focus of the inquiry here. The discovery rule requires the plaintiff to diligently pursue the facts surrounding his or her injury. *Ultraflo Corp.*, 926 F. Supp. 2d at 949. Equitable tolling requires the plaintiff to diligently pursue his or her rights, and some extraordinary circumstance stood in his or her way. *See Menominee*, 136 S.Ct. at 755; *Granger*, 636 F.3d at 712. So, here, the Court asks whether Champlin diligently investigated his injury under ADEA, and then diligently pursued his claim.[3]

Taking all of Champlin's well-pleaded allegations concerning his diligence as true, which the Court must, the Court ultimately concludes that the starting date for administrative exhaustion is November 20, 2015. *Wolcott v. Sebelius*, 635 F.3d at 763. In November, Champlin's diligence ceased. On November 20, 2015, Champlin could have, but did not, request a copy of the EEOC's file identifying Quantlab as the drafter of the allegedly unlawful e-mail when he received a letter of rights from the EEOC concerning his age discrimination case against Experis. Case No. 4:16-CV-00421, Doc. 1 at 5. He did so three months too late to toll the deadlines farther. *See Amini*, 259 F.3d at 500–01.

---

[3] This case does not neatly fall into other possible equitable tolling bases. The second is the closest, but inapplicable because neither Experis nor Quantlab made any affirmative misrepresentations concerning Quantlab's identity. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

The Court holds that the discovery rule starts the deadlines from November 20, 2015. While upon receipt of the allegedly unlawful e-mail in July of 2013, Champlin knew that he had been hurt, but he did not know who had inflicted the injury. *See Lavellee*, 611 F.2d at 1130; *Weinandt*, 217 F. Supp. 2d at 928–30. Within days of receiving the e-mail, Champlin diligently pursued his claims by filing his EEOC charge against Experis, but took no action upon receipt of the right to sue letter until February of 2016. Doc. 1-1 at 9 ¶ 4.5–4.6. Thus, the Court holds that the 300 day deadline to file with the EEOC started running on November 20 when Champlin became aware that "that he [had] been hurt" and could have learned "who [had] inflicted the injury.'" *Lavellee*, 611 F.2d at 1130; *Phillips*, 658 F.3d at 455.

Equitable tolling does not extend the deadline beyond November 20, 2015 because Champlin did not continue to diligently pursue his claims. After receipt of the letter to sue Experis, he waited approximately three months, until February of 2016, to seek the EEOC file that identified Quantlab. Doc. 1-1 at 9 ¶ 4.6. And then Champlin waited almost another four months, until June of 2016, before filing the EEOC charge against Quantlab. *Id.* at 13 ¶ 10.1. While the initial filing of his EEOC charge against Experis was diligent, his subsequent investigation was not diligent. *See Amini*, 259 F.3d at 500–01. The Court holds that when his diligence ceased, so did the tolling. *See Menominee*, 136 S.Ct. at 755; *Granger*, 636 F.3d at 712. Thus, the Court holds that his deadlines were not tolled beyond November 20, 2015.

From the November 20, 2015 date, Champlin's timely filed his EEOC charge on June 6, 2016. Doc. 1-1 at 13 ¶ 10.1. June 6, 2016 is less than 300 days from November 20, 2015 because the 300 day deadline would have ended in September of 2016. By timely filing within the 300 day deadline, this Court holds that Champlin exhausted his administrative remedies before pursuing his claims in federal court. *See Taylor*, 296 F.3d at 378–79. Thus, the Court

**DENIES** in part Quantlab's Motion as to Champlin's ADEA claims.

### ii. Administrative Exhaustion and Statute of Limitations under TCHRA

Quantlab next asserts that Champlin's TCHRA charges were late filed "over 1000 days late," TEX. LAB. CODE ANN. § 21.202(a), and that Champlin's TCHRA suit is barred by TCHRA's two year statute of limitations, TEX. LAB. CODE ANN. § 21.256. Doc. 2 at 5–7. Champlin again asserts that all limitations were tolled by the discovery rule or otherwise equitably tolled. Docs. 1-1 at 7 ¶ 10.4; 7 at 14–16.

In Texas, a plaintiff must file a charge of discrimination within 180 days of the date of the alleged discrimination. TEX. LAB. CODE ANN. § 21.202. Filing a complaint with the EEOC satisfies the requirement to file a complaint with the TWC if, as here, the complainant indicates he is dual-filing. *Seghers v. Hilti, Inc.*, 4:16-CV-0244, 2016 WL 6778539, at *2 n.2 (S.D. Tex. Nov. 16, 2016) (Atlas, J.); Case No. 4:16-CV-00421, Doc. 1 at 4. A charge filed with the EEOC between 180–300 days after the alleged discrimination, also as here, falls under the exclusive jurisdiction of the EEOC. *Cisneros v. DAKM, Inc.*, 7:13-CV-556, 2014 WL 258755, at *2 (S.D. Tex. Jan. 23, 2014) (citing *see Griffin v. City of Dallas*, 26 F.3d 610, 612–13 (5th Cir. 1994) (holding dual filing extended deadline to 300 days, but because the charge was filed beyond 180 days, TCHRA claims were instantly terminated); *see also Adams v. DaimlerChrysler Services NA LLC*, 252 Fed. Appx. 681, 683 (5th Cir. 2007) (upholding district court's dismissal as time-barred TCHRA claims more than 180 days older than discrimination charge), and *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 977 (N.D. Tex. 2011) ("If a complainant fails to exhaust his state administrative remedies, the [TCHRA] jurisdictionally bars this court from hearing the case regardless of equitable and policy concerns," quoting *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001)).

Here, Champlin's filed his TCHRA charge over 180 days both from the date he received the e-mail in July of 2013 and any equitable date, such as the November date discussed in the administrative exhaustion section above. Thus, the Court need not decide whether the discovery rule or equitable tolling applies. See *Howe*, 840 F. Supp. 2d at 977. Nor must the Court decide whether the subsequent suit against Quantlab was filed within the statute of limitations. *See* Seghers, 2016 WL 6778539, at *2 (elaborating on the two year statute of limitations for TCHRA suits). Champlin's TCHRA claims are time-barred by any count. *See Adams*, 252 Fed. Appx. at 683. The Court finds that Champlin did not file his TCHRA charge within 180 days of either deadline, and thus concludes that Champlin's did not exhaust his administrative remedies. Accordingly, the Court

**ORDERS** that Champlin's TCHRA claims are dismissed as time-barred.

B. Discrimination

Champlin asserts that Quantlab violated ADEA by discriminating "against Champlin because of his age by creating a discriminatory job posting indicating to Champlin and any reasonable person that it would have been futile for Champlin to apply." *Id*. at 9–10. Quantlab's requests that the Court dismiss Champlin's ADEA discrimination claim because "Champlin's failure-to-hire claim fails because he never applied for the job, and therefore, cannot make out a *prima facie* case." Doc. 2.

This Court granted in part Experis's Second Motion to Dismiss, in which Experis asserted the Quantlab's argument above: namely that Champlin fails to state a claim under ADEA because he never applied for the job. Case No. 4:16-CV-00421, Doc. 16 at 2–3. The Court dismissed Champlin's discrimination claim against Experis because Champlin did not provide sufficient evidence to allege that it would have been futile for him to apply for the

position. Doc. 16-1 at 8–9; Case No. 4:16-CV-00421, Doc. 26. Both parties have briefed whether this Court should dismiss Champlin's ADEA discrimination claim against Quantlab for the same rationale. Docs. 16, 17. The Court adopts its prior reasoning and opinion.

As part of a *prima facie* claim under ADEA, a plaintiff would normally be required to apply to the offending job, but need not do so if doing so would be futile. *Morris v. Fru-Con Const. Corp.*, No. CIV.A. C-05-565, 2006 WL 2794932, at *3 (S.D. Tex. Sept. 26, 2006); *Willard v. City of Lubbock*, No. CIV.A. 505CV156C, 2006 WL 567806, at *5 (N.D. Tex. Mar. 7, 2006) (citing *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 406 (5th Cir. 1999)). Champlin alleges futility because of a pattern or practice of discrimination. Doc. 7 at 7–11. As stated in the prior opinion, "allegations of a pattern or practice of discrimination by the client are not necessarily enough to show that it would have been futile for Plaintiff to apply directly with the client." Doc. 16-1 at 8–9. The opinion went onto distinguish between the *Teamsters v. United States* case and this case:

> The Court is not convinced that the email suggests it would have been futile for Plaintiff to apply to the client directly. The email says that the client is "not looking for…candidates with more than 10-12 years of experience" and refers to the group as "young" and "eager," stating that "1-5 years experience is the best fit." Doc. 15 at 2. While this language may be described as discriminatory, it is a far cry from the sign reading "whites only" envisioned as a possible example where an application would be futile in *Teamsters*. *Teamsters v. United States*, 431 U.S. 324, 365 (1977). The *Teamsters* court also noted that a claim that a plaintiff "would have applied for the job had it not been for those [discriminatory] practices" is "not always easy." *Id*. at 368.

Doc. 16-1 at 9. Champlin has submitted no new authority as to his ADEA discrimination claim. Doc. 17. Thus, the Court does not alter its previous finding that Champlin did not directly apply for the position, and holding that Champlin did not offer sufficient evidence that it would be futile to do so. The Court concludes, as before, that Champlin does not state a *prima facie* case for his ADEA claim. See *Morris*, 2006 WL 2794932, at *3; *Willard*, 2006 WL 567806, at *5.

Accordingly, the Court

>**ORDERS** that Champlin's ADEA discrimination claim is dismissed.

### C. Disparate impact

Champlin also asserts a disparate impact claim against Quantlab under ADEA by alleging that Quantlab's practice of age-related job postings "resulted in a disparate impact on older individuals." *Id*. at 10–11. Champlin cites in support *Rabin v. PricewaterhouseCoopers LLP*, which holds that an adversely affected applicant can bring a disparate impact claim under ADEA. 236 F. Supp. 3d 1126, 1127 (N.D. Cal. 2017); Doc. 17 at 4–5. Quantlab's requests that the Court dismiss Champlin's claim because "ADEA does not recognize [a disparate impact] claim for non-employee job applicants.," Doc. 2, citing in support *Villarreal v. R.J. Reynolds Tobacco Co.* for that principle. 839 F.3d at 958 and *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 236 n.6 (2005); Docs. 2 at 4–5, 9 at 8.

No binding authority interprets section 4(a)(2) of ADEA to apply only to employees. Under section 4(a)(2) of ADEA, it is unlawful for an employer "to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age[.]" 29 U.S.C. § 623(a)(2). *Smith* held that section 4(a)(2) permits disparate impact claims, deferring, in part, to the EEOC's interpretation. 544 U.S. at 239–40, 243. As *Rabin* summarizes, the EEOC has "long interpreted the ADEA as permitting disparate impact claims by job-seekers." *Rabin*, 236 F. Supp. 3d at 1132–33 (citing 29 C.F.R. § 1625.7(c); 77 Fed. Reg. 19080, 19092 (2012); and 33 Fed. Reg. 9173 (1968)). Conversely, the majority of the divided *Villarreal* Court holds that EEOC deference is unnecessary because the plain language of the statute protects "employees, not applicants." 839 F.3d 970 (11th Cir. 2016) (with Jordon &

Rosenbaum, JJ. concurring and dissenting in part; and Martin, Wilson, & Pryor, JJ. dissenting). But neither *Villareal* nor *Rabin* are binding on this Court.

And while Quantlab points to out that the underlying binding Fifth Circuit decision in *Smith* contained the language, "Title VII extends protection also to "applicants" for employment, while the ADEA does not," *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 188 (5th Cir. 2003), *aff'd on other grounds*, 544 U.S. 228 (2005), the Supreme Court's subsequent opinion suggests that scope of disparate-impact liability under ADEA is only narrower than under Title VII. *Smith*, 544 U.S. at 240. Thus, no binding authority restricts section 4(a)(2) of ADEA only to employees. The Court concludes that without binding authority at the 12(b)(6) stage, we should not dismiss Champlin's disparate impact claim. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court

**DENYS** in part Quantlab's Motion as to Champlin's ADEA disparate impact claim.

### III. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant's Motion, Doc. 2, is **PARTIALLY GRANTED**. Champlin's claims under the TCHRA and discrimination claim under ADEA are hereby **DISMISSED**. Champlin's disparate impact claim under ADEA remains.

SIGNED at Houston, Texas, this 24th day of January, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE